# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                                                NO. 4:23-CV-207-DMB-JMV

SPARKEY WATSON                                              DEFENDANT

## ORDER

On November 8, 2023, the United States of America filed a complaint against Sparkey Watson in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Watson's] receipt of Paycheck Protection Program [('PPP')] funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Watson, through misrepresentations, received PPP loan proceeds of $16,012.20 (for which the Small Business Administration paid approximately $2,500.00 in processing fees to the financial institution involved) and that, based on Watson's false statements, the financial institution involved was "reimbursed by the SBA." *Id*. at PageID 6, 7.

On February 20, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment and the proposed consent judgment has been submitted to … chambers by electronic means." Doc. #7 at PageID 20. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Watson who is pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or

stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Watson to pay $18,985.81[1] plus interest—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [7] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 26th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The proposed consent judgment specifies that the sum of $18,985.81 "includes $16,083.81 for the Paycheck Protection Program loan forgiveness amount …; $2,500.00 for the bank processing fee; and $402.00 for the court filing fee.").